IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00318-RJC-DSC

| | |
|---|---|
| **CROSSROADS TRUCKING CORP.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TRUNORTH WARRANTY PLANS OF** )<br>**NORTH AMERICA LLC et. al.,** )<br>)<br>**Defendants.** ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendant TruNorth Warranty Plans of North America LLC's Motion to Enforce Dispute Resolution Provision…." (document #11) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

The relevant facts are not in dispute. Plaintiff leased a truck from Defendant 19th Capital Group LLC. The truck was the subject of a warranty agreement issued by Defendant TruNorth. The warranty agreement contained the following arbitration clause:

> DISPUTE RESOLUTION: This Agreement shall be governed by and in accordance with the laws of the State of North Carolina, USA. The parties agree that any action, suit, or proceeding arising out of or related to this Agreement, not submitted to arbitration, shall be instituted only in the state or federal courts located in Mecklenburg County, North Carolina, USA. **In the event of any dispute between parties concerning coverage under this Agreement,** a written request to TruNorth for Arbitration must be submitted. **Customer agrees that Arbitration is the sole method of dispute resolution between parties.** Customer's written request for Arbitration must be done and received by TruNorth within thirty (30 days) of the day claim is filed. Each party will select one (1) certified arbitrator. The two (2) arbitrators will then select a third arbitrator. Each of the parties will

> pay equally the total of the three (3) arbitrators selected. The in-person arbitration hearing will take place only in Mecklenburg County, North Carolina unless both parties agree in writing to a different hearing location. The rules utilized by the American Arbitration Association will apply. A majority decision for the three (3) arbitrators will be binding and final. The determination and award of the arbitrators may be filed by the prevailing party in a court of proper jurisdiction and shall thereafter have the full force and effect of a judgment at law.

(emphasis added). Plaintiff later submitted claims to TruNorth under the warranty. Those claims were denied.

On July 1, 2021, Plaintiff filed its Complaint alleging breach of the warranty agreement as well as other state law claims.

On August 23, 2021, TruNorth filed the subject Motion. Plaintiff opposes the Motion on the grounds that there is no valid agreement to arbitrate.

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted). This Court must compel arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of

contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

The doctrine of estoppel recognizes "that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him." International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 418 (4th Cir. 2000). Where a "contract provides part of the factual foundation for every claim asserted" in the complaint and that contract contained an arbitration provision, a court "can only conclude" that the plaintiff is "estopped from refusing to arbitrate its dispute." Id.

The Court concludes that Defendant TruNorth is entitled to an order compelling arbitration. Defendant has shown that Plaintiff is seeking to avail itself of the rights and protections contained in the warranty agreement. It cannot then deny the validity of the arbitration clause.

The Court has discretion to dismiss an action where all the issues raised are arbitrable. The more common practice is to stay the action or those claims pending the outcome of arbitration in order to provide a convenient forum for confirmation of any ensuing arbitration award. See 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration...."); 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an is order unless the award vacated").

For those reasons and the other reasons stated in Defendant TruNorth's briefs, its Motion to Enforce Dispute Resolution is <u>granted</u> as to all claims brought against it.

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. "Defendant TruNorth Warranty Plans of North America LLC's Motion to Enforce Dispute Resolution Provision…." (document #11) is **GRANTED** as to all claims brought against it, and this matter is **STAYED** as to those claims. Plaintiff and Defendant TruNorth Warranty Plans of North America LLC shall arbitrate those claims as provided in the warranty agreement.

2. The Clerk is directed to send copies of this Order to counsel of record <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: October 27, 2021

David S. Cayer
United States Magistrate Judge